**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JULIE A. SU, Acting Secretary of
Labor,

      Plaintiff,

v.                                    Case No. 3:23-cv-835-TJC-LLL

INTERNATIONAL
LONGSHOREMEN'S
ASSOCIATION AFL-CIO LOCAL
1408, INC.,

      Defendant.

## STIPULATED SETTLEMENT AND ORDER

This matter having come before this Court upon Plaintiff, Julie A. Su, Acting Secretary of Labor, through the United States Attorney's Office, Middle District of Florida, and Defendant, International Longshoremen's Association AFL-CIO Local 1408, Inc.'s Stipulation of Settlement and Order (Doc. 34), and based upon the stipulation of the parties, the Court orders the relief as set forth below:

1. Plaintiff brought this action under Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C. §§ 401 et seq.) (the Act), requesting a judgment declaring that Defendant's December 12, 2022 election of union officers for the offices of President, Vice President, and Executive Board

be declared void and requesting that a new election for those offices be conducted under the supervision of Plaintiff.

2. Plaintiff alleges that violations of Title IV of the Act have occurred, were not remedied as of the time of the institution of this action, and still have not been remedied at this time.

3. Defendant denies the violations alleged in this action.

4. Plaintiff and Defendant agree that it is in the parties' best interest to resolve this lawsuit on mutually agreeable terms without further litigation. The parties agree to the entry of the Stipulation of Settlement and Order (Doc. 34) without trial or further adjudication of any issues of fact or law raised in Plaintiff's Complaint.

5. Defendant's next regularly scheduled election of officers, including nominations, shall be conducted under the supervision of the Secretary, to be concluded on or before December 20, 2025.

6. The individuals elected to office in the supervised election shall be installed in accordance with Defendant's Constitution and Bylaws in January 2026, and shall serve until the expiration of their terms of office.

7. The supervised election shall be conducted in accordance with Title IV of the Act and, insofar as lawful and practicable, in accordance with Defendant's Constitution and Bylaws.

8. All decisions as to the interpretation or application of Title IV of the Act and Defendant's Constitution and Bylaws relating to the supervised election are to be determined by the Secretary, and her decision shall be final, subject to challenge in this Court.

9. The Court shall retain jurisdiction of this action pending completion of the supervised election. After completion of the supervised election and resolution of any disputes or challenges, Plaintiff shall certify to the Court the names of the persons elected to serve as officers.

10. Upon approval of such certification, the Court shall enter a judgment declaring that such persons have been elected as shown by such certification.

11. Each party shall bear its own fees, costs, and other expenses incurred by such party in connection with this proceeding up to and including the date of entry of the final judgment.

12. All pending motions, deadlines, and trial dates are terminated.

13. The Clerk is directed to administratively close the case, subject to reopening upon the supervised election's certification or upon motion by either party.

3

**DONE AND ORDERED** in Jacksonville, Florida, the 6th day of November, 2024.



TIMOTHY J. CORRIGAN
Senior United States District Judge

jcd
Copies:

Counsel of record